**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 06-60046-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL REED,

        Defendant.

_____/

**UNITED STATES' MOTION FOR ENTRY OF**
**A  PRELIMINARY ORDER OF FORFEITURE**

The United States of America moves for entry of a  preliminary order of forfeiture pursuant to Title 21, United States Code, Section 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure.  In support, the United States submits that:

1.      On or about February 16, 2006, a federal grand jury in the Southern District of  Florida returned a one-count Indictment against the defendant,  Michael Reed  ("defendant") which charged the defendant with, entering the United States of America on a vessel, and knowingly and intentionally possessing with intent to distribute  a  controlled substance consisting of  five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960, and Title 46, United States Code, Appendix, Section 1903(a)&(g).

2.      On or about March 22, 2006, the defendant entered before the Court a guilty plea  to Count 1 of the Indictment.  In his verbal  plea agreement before the Court, defendant consented to the forfeiture allegations and agreed that he would forfeit to the United States any and all of his



rights, title, and interest to One (1) 1988 43-feet Wellcraft Cabin Cruise,  VIN No. WELC3975J788,

Coast Guard Documentation No. # D0968505.

3.      Title 21, United States Code, Section 853(a), provides in part as follows:

> Any person convicted of a violation of this subchapter or subchapter II of this chapter ... shall forfeit to the United States ...(1) any property constituting, or derived from, any proceeds the person obtained directly or indirectly, as the result of such violation; [and] (2) any ... property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation ....

4.      Accordingly,  given the defendant's consent to forfeiture, and his guilty plea, this Court is authorized to find that the defendant's interest in the above-referenced property is forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), and Title 18 United States Code, Section 982(a)(1).

5.      Fed. R. Crim. P. 32.2 (b)(2) provides that once the court finds that property is subject to forfeiture:

> it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

6.      Fed. R. Crim. P. 32.2(b)(3) provides:

> The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.  At sentencing — or at any time before sentencing if the defendant consents — the order of forfeiture becomes final as to the defendant and shall be made a part of the sentence and included in the judgment. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any

2

appeal.

The form of order submitted in this matter provides for the forfeiture of all of the defendant's right, title and interest in the property listed therein; for inclusion of the order of forfeiture as part of the defendant's sentence and the judgment in this case; for publication of notice of the forfeiture of the same in these proceedings; permits the institution of discovery by the government to locate assets ordered forfeited and/or to expedite ancillary proceedings for the adjudication of third party petition claims if any; and  provides for the final forfeiture of the property noted therein if no petitions are filed; all pursuant to Title 21, United States Code, Section 853 and Rule 32.2 of the Federal Rules of Criminal Procedure.

## CONCLUSION

Accordingly, based upon the foregoing, and the other matters of record in these proceedings, and for good cause shown, the United States requests the entry of the preliminary order of forfeiture attached hereto.

WHEREFORE, the United States requests the entry of the preliminary order of forfeiture attached hereto.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By:    _____

WILLIAM H. BECKERLEG, JR.
ASSISTANT UNITED STATES ATTORNEY
BAR NO. A5500074
500 E. BROWARD BLVD.
FT. LAUDERDALE, FL 33394
Tel: (954) 356-7314; EXT. 3614
Fax: (954) 356-7180

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _4_ day of April, 2006 to:

Chantel Doakes, Esq.
1 E. Broward Blvd., Suite 1100
Ft. Lauderdale, FL 33301

_____
WILLIAM H. BECKERLEG, JR.
ASSISTANT UNITED STATES ATTORNEY

4