UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60046-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MICHAEL REED,

       Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT AND SENTENCING MEMORANDUM

The Defendant, MICHAEL REED, through undersigned counsel, respectfully files his objection to the Presentence Investigation Report ("PSI") compiled in this matter by the United States Probation Office and sentencing memorandum. In support thereof, Mr. Reed states the following:

### OBJECTION TO THE PSI

A.    *MINOR ROLE:*

Mr. Reed objects to the probation officer's failure to apply a two level minor role reduction, pursuant to U.S.S.G. §3B1.2. Section 3B1.2(b) provides for a two level decrease to a defendant's offense level if he played a minor role in the commission of the instant offense. A "minor participant" is one who is "less culpable than most other participants." U.S.S.G. §3B1.2, note 5 (2005).

In determining whether a defendant qualifies for minor role, a sentencing court must undertake a fact specific inquiry that must be made on a case-by-case basis. *United States v. Rodriguez de Varon*, 175 F.3d 930, 938 (11th Cir. 1999). This inquiry is informed by consideration of the defendant's role in the conduct for which he or she is responsible at sentencing *as well as by comparing the defendant's role to that of other participants in the offense.* Id. at 941, 945. (emphasis added). All those who could be held criminally responsible for the charged conduct are "participants" regardless of whether they were arrested, charged, or convicted. *See* U.S.S.G. § 3B1.1, cmt. 1 (2005).

The particular facts and circumstances of this case as set forth in the PSI, demonstrates that Mr. Reed performed a limited role in proportion to other known participants and is entitled to a mitigating role adjustment. For his participation in this drug conspiracy, Mr. Reed is being held accountable for all of the drugs, that is, 82 kilograms of cocaine.

Mr. Reed was recruited in this offense by an individual named Maxwell Curry. Mr. Curry is the mastermind behind this smuggling operation. He is responsible for recruiting individuals like Mr. Reed to transport narcotics into the United States. At the time that Mr. Reed was recruited, Mr. Reed was having financial difficulties arising from various debts, including his mother's medical expenses.

Unlike Mr. Curry, Mr. Reed had no decision-making authority, possessed no supervisory authority, did not contribute any expertise to this endeavor nor did he participate in planning the crime; he simply did what he was directed to do by Mr. Curry. Moreover, Mr. Reed did not supply the drugs nor did he cause the drugs to be supplied. Likewise, he did not have any property interest in the drugs, nor did he have an equity interest in any of the drug proceeds. Finally, Mr. Reed did

2

not recruit anyone else to participate in this crime.

Therefore, considering the totality of the circumstances surrounding this offense, it is apparent that Mr. Reed is less culpable than Mr. Curry and is certainly deserving of a two-level reduction for minor role.

B.    *3553 SENTENCING FACTORS*:

   1.    The nature and circumstances of the offense and the history and characteristics of the defendant

The crime for which Mr. Reed pled guilty is possession with intent to distribute five kilograms or more of cocaine on board a vessel. Mr. Reed, a U.S. citizen, was recruited by an individual named Maxwell Curry to transport cocaine into the United States. There are no aggravating circumstances, there was no violence.

Mr. Reed is 32 years old. He is single, with no children. He has worked as a marine mechanic for many years and has a good work ethic. He has never used any illegal substance, nor has he excessively abused alcohol. Mr. Reed suffers from a number of physical ailments, such as respiratory problems, circulation problems in his legs, cellulitis, and occasional migraine headaches.

For the past five years, Mr. Reed's mother, Brigitte Catrett, has suffered from terminal kidney cancer. To treat her debilitating condition, Ms. Catrett has to take several medications daily and is under constant medical supervision. Due to her condition, Ms. Catrett has been unable to work and has primarily relied upon Mr. Reed for financial support. Since Mr. Reed's incarceration, Ms. Catrett has had difficulty paying for her medications and with maintaining her mortgage payments. Her house is currently in foreclosure. As a result of Mr. Reed's incarceration, Ms. Catrett recently suffered a nervous breakdown. She was later hospitalized under the Baker Act. Mr. Reed's mother's condition is certainly a factor that weighs heavily in his favor for this Court to

impose the minimum mandatory sentence.

2.   <u>The need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence protect the public or provide training or care</u>

Drug offenses are serious crimes. Mr. Reed is extremely remorseful for his actions in this case and seeks mercy from this Court. Mr. does not pose a threat nor a danger to the community. He has no history of violence in his past. Certainly, the statutory minimum mandatory sentence in this case of 120 months rather than the sentence suggested by the advisory guidelines is sufficient but not greater than necessary to reflect the seriousness of the offense and afford adequate deterrence.

## RECOMMENDATION

Considering the foregoing factors outlined in §3553(a), a sentence of 120 months, the minimum mandatory, is a reasonable sentence under the facts of this case. It is sufficient but not greater than necessary to promote the purposes of sentence.

Respectfully submitted,
KATHLEEN M. WILLIAMS

BY: _____
Chantel Doakes
Federal Bar No. A5500578
1 East Broward Boulevard, Suite 1100
Fort Lauderdale, Florida 33301
Tel: (954) 356-7436
Fax: (954) 356-7556

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been mailed to Terry Thompson, Assistant United States Attorney, 500 East Broward Blvd., 7th Floor, Fort Lauderdale, Florida 33394, and Orlando Burgos, United States Probation Officer, 300 N.E. 1st Avenue, Ste. 315, Miami, Florida 33132 this 25th day May, 2006.

By: _____
Chantel Doakes

## FAXBACK SERVICE LIST

Chantel Doakes, Esq.
Assistant Federal Public Defender
One E. Broward Blvd, Suite 1100
Ft. Lauderdale, FL 33301
Tel: (954)356-74356
Fax: (954) 356-7556

Terry Thompson
Assistant United States Attorney
500 East Broward Blvd.
7th Floor
Fort Lauderdale, Florida 33394
Tel: (954)660-5696
Fax: (954) 356-7336