# United States Court of Appeals
### Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia  30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

January 24, 2007

Clarence  Maddox
Clerk, U.S. District Court
301 N MIAMI AVE STE 150
MIAMI  FL  33128-7788



FILED by _____ D.C.
APPEALS

JAN 3? 2007

CLARENCE  MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

**Appeal Number: 06-13373-II**
Case Style: USA v. Michael Reed
District Court Number:  06-60046 CR-UUB

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one psi
    Original record on appeal or review, consisting of: three volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision,</u> is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
## For the Eleventh Circuit

No. 06-13373

District Court Docket No.
06-60046-CR-UUB

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Dec 26, 2006

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL REED,

Defendant-Appellant.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Southern District of Florida

J U D G M E N T

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JAN 2 4 2007
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:       December 26, 2006
For the Court: Thomas K. Kahn, Clerk
By:       Harper, Toni

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| December 26, 2006 |
| THOMAS K. KAHN |
| CLERK |

No. 06-13373
Non-Argument Calendar

D. C. Docket No. 06-60046-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL REED,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(December 26, 2006)**

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Michael Reed appeals his 188-month sentence for possession with the intent

to distribute five or more kilograms of cocaine while on board a United States

vessel, in violation of 46 U.S.C. App. § 1903(a) and (g), and 21 U.S.C. § 960(b)(1)(B). On appeal, Reed argues that the district court clearly erred in denying his request for a minor-role reduction to his offense level. For the reasons set forth more fully below, we affirm Reed's sentence, but vacate and remand for the correction of a clerical error in the judgment and commitment order.

The underlying facts in Reed's case are as follows. The United States Coast Guard ("USCG") stopped and boarded the motor vessel "Our Way II" approximately 14 miles east of South Florida. The USCG identified Reed as the sole occupant, master, and captain of the vessel. Reed permitted the USCG to search the vessel and the USCG located 82.23 kilograms of cocaine on board the vessel.

Reed informed a United States Bureau of Immigration and Customs Enforcement ("ICE") agent that he had been approached by an individual named Dax approximately two or three months earlier and that Dax asked Reed if he wanted to smuggle narcotics into the United States. Reed agreed to smuggle the drugs. Dax gave Reed the keys to the "Our Way II" and Reed completed mechanical work on the vessel while it was docked in Dania Beach, Florida. Dax later instructed Reed to move the vessel to Freeport, Bahamas to pick up the cocaine. When Reed arrived in the Bahamas, Dax met him there and provided him

2

with a cellular telephone.  On Dax's instruction, Reed transported the vessel to Xanadu Marine and Resort in Freeport, Bahamas and gave the keys to Dax. Individuals that Reed did not know loaded the cocaine onto the vessel that same night.  The next morning, Reed met with Dax, received the keys to the vessel, and departed the Bahamas for Florida.  Reed expected to receive $1,000 per kilogram of cocaine for his participation in the transportation of the drugs.

Based upon Reed's offense conduct, his offense level was 35, his criminal history category was II, and his guideline range was 188 to 235 months' imprisonment.  Reed's statutory minimum term of imprisonment was 10 years and his maximum was life.  At sentencing, Reed requested that the court apply a minor-role reduction to his offense level because: (1) Dax organized the entire trip; (2) Reed had no responsibility for the planning of the trip; (3) Reed did not recruit any other participants; and (4) Reed did not supply the drugs and did not have any monetary or property interest in them.  The district court noted, to which Reed agreed, that Reed was the only person on the boat and that he was to be paid $82,000 for transporting the cocaine.  The court then denied Reed's request, stating that "I'm not giving him a minor role reduction.  It's too significant what he did. He piloted this boat here for $82,000 full of cocaine."  The court thus sentenced Reed to 188 months' imprisonment, the low-end of his guidelines range, to be

followed by 5 years' supervised release.

## I. Minor-Role Reduction

On appeal, Reed argues that the district court clearly erred in denying his request for a minor-role reduction because he had no equity interest in the cocaine, did not know the details of the overall smuggling scheme, did not plan the offense, had no authority to make decisions regarding the planning of the offense, and could not have independently imported and distributed the drugs. He thus concludes that, considering only the relevant conduct for which he was held accountable, he was entitled to a minor-role reduction. He further asserts that, as compared to Dax, he was clearly a less culpable participant in the smuggling scheme. He also argues that the district court erred in considering only the amount of drugs involved, rather than the other facts comprising the offense conduct.

We review a district court's determination of a defendant's role in the offense for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). Further explaining this standard, we have stated,

> . . . a trial court's choice between two permissible views of the evidence is the very essence of the clear error standard of review. . . . So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous.

Id. at 945 (citation and quotation omitted) (emphasis in original). "The proponent

4

of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." Id. at 939. According to U.S.S.G. § 3B1.2, a district court may decrease a defendant's offense level by two levels if it finds the defendant was a "minor participant" in the criminal activity. A "minor participant" is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5).

In determining whether a minor-role adjustment applies, the district court should consider the following two principles: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." De Varon, 175 F.3d at 940. As to the first prong of the De Varon analysis, we have explained that, "[o]nly if the defendant can establish that [ ]he played a relatively minor role in the conduct for which [ ]he has already been held accountable - not a minor role in any larger criminal conspiracy - should the district court grant a downward adjustment for minor role in the offense." De Varon, 175 F.3d at 944. Further, "in the drug courier context, . . . the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct . . . [and] may be dispositive - in and of itself - in the extreme

case." Id. at 943.

With regard to the second prong of the De Varon analysis, we have determined that a district court should look to other participants only to the extent that they (1) "are identifiable or discernable from the evidence," and (2) "were involved in the relevant conduct attributed to the defendant." Id. at 944. We have recognized, however, that the first prong set forth in De Varon may, in many cases, be dispositive. Id. at 945.

Here, Reed's role in the relevant conduct for which he was held accountable was that he was the sole transporter of 82.23 kilograms of cocaine from the Bahamas to Florida in exchange for $1,000 per kilogram of cocaine. Reed's assertions that he had no equity interest in the cocaine and did not have any decision-making or planning authority do not establish that his role in transporting the cocaine from the Bahamas to Florida was minor. If anything, these assertions tend to support the fact that Reed did not have a large role in the overall drug smuggling scheme. However, as we have explained in De Varon, a defendant's minor role in a larger conspiracy is not the relevant inquiry when determining whether the defendant played a minor role in his relevant conduct. See De Varon, 175 F.3d at 944.

Reed also argues that his role was minor as compared to Dax's leadership

6

role in the smuggling operation. Dax's larger role does not necessarily warrant a minor-role reduction for Reed, however, because Dax was not involved in Reed's specific relevant conduct (i.e. transporting the cocaine from the Bahamas to Florida as the sole operator of the vessel). Moreover, as to Reed's argument that the district court should not have relied solely on the amount of drugs involved in the offense, that argument is without merit because Reed transported a large amount of cocaine for which he stood to earn $82,000. Such a large amount of cocaine is properly a material consideration for the district court in determining whether a minor-role adjustment is warranted. See De Varon, 175 F.3d at 943. Thus, the district court did not clearly err in denying Reed's request for a minor-role reduction to his offense level.

## II. Clerical Error in Judgment

The parties do not raise any issue regarding the inconsistency between the charge as it is listed in Reed's indictment and as it appears in the court's judgment and commitment order. However, we may sua sponte raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors. See United States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998) (remanding with instruction for the district court to correct the clerical errors where the statute cited in the judgment and commitment order was incorrect).

7

Furthermore, "[i]t is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried, or found guilty of the crime recited in the judgment." United States v. Diaz, 190 F.3d 1247, 1252 (11th Cir. 1999). In Diaz, we vacated and remanded because the error in the judgment was a clerical one and "correction of the judgment would not prejudice the defendant in any reversible way." Id. at 1252-53.

In Reed's case, his indictment charged him with violating 46 U.S.C. App. § 1903(a) and (g), and 21 U.S.C. § 960(b)(1)(B). Reed pled guilty to the charge in the indictment. Nonetheless, the court's judgment and commitment order indicates that Reed was adjudicated guilty of violating only 21 U.S.C. § 960. Because the error in the judgment is clerical, we vacate and remand for the limited purpose of correcting the error. See Anderton, 136 F.3d at 751. The district court should correct the judgment to reflect that Reed was adjudicated guilty of violating 46 U.S.C. App. § 1903(a) and (g), and 21 U.S.C. § 960(b)(1)(B).

In light of the foregoing, we find no reversible error with regard to Reed's sentence. However, Reed's conviction is **VACATED AND REMANDED FOR CORRECTION OF CLERICAL ERROR ONLY.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

8