**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.   06-60046-CR-UNGARO-BENAGES**

**UNITED STATES OF AMERICA,**

**vs.**

**MICHAEL REED,**

       **Defendant.**

                                    /

**GOVERNMENT'S RESPONSE TO DEFENDANT MICHAEL REED'S MOTION FOR
MODIFICATION AND REDUCTION OF SENTENCE,
PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3582(c)(2)**

The United States of America, by and through its undersigned Assistant United States Attorney, hereby files this pleading in response to Michael Reed's (the "Defendant") motion for reduction of sentence, pursuant to Title 18, United States Code, Section 3582(c)(2) and United Amendment 782 to the United States Sentencing Commission, *Guidelines Manual*, § 2D1.1. (Nov. 2014). The Government states that Defendant Reed is eligible for reduction of sentence based on a retroactive change to the applicable sentencing guideline range and the findings made by the United States Sentencing Commission.   At his original sentencing, this Court calculated Defendant Reed's guideline range as 188 – 235 months for the offense of possession with intent to distribute 5 kilograms of cocaine on board a vessel (PSR at ¶¶ 16-17, 21, 25, 58, 59 and *Statement of Reasons*, Part III).   This Court determined Reed's sentence based, in part, on a base offense level of 36 for between 50 and 150 kilograms of cocaine, pursuant to U.S.S.G. § 2D1.1. Ultimately, this Court sentenced Reed to 188 months' imprisonment (DE 28, 38).[1]

---

1 The original Judgment was amended to correct a clerical error and reflect the correct statute provision.

## STATEMENT OF THE CASE

A.      Course of Proceedings and Disposition

On February 6, 2006, a federal grand jury returned a one indictment which charged Defendant Reed with knowing possession with intent to distribute five (5) kilograms or more of mixture and substance containing a detectable amount of cocaine on board a vessel, in violation of Title 46, United States Code, Sections 1903(a) and (g) (DE 7).

On March 21, 2006, without the benefit of a written plea agreement, Reed entered a guilty plea to the Indictment (DE-CR 15).   The Court entered a sentencing hearing notice scheduling the sentencing hearing for May 31, 2006 (DE 16).

On May 31, 2006, after hearing arguments of the parties, the Court sentenced Reed to one hundred eighty-eight (188) months' imprisonment (DE 28, 38).   The sentence of incarceration to be followed by a term of five (5) years' supervised release (*Id.*).

On December 30, 2014, the Defendant filed this motion seeking appointment of counsel and motion for relief under the United States Sentencing Commission application of Amendment 782, effective November 1, 2014, pursuant to Title 18, United States Code, Section 3582(c) (CR 42).

B.      Statement of the Facts

The government adopts by reference the Statement of the Facts as reflected in the Pre-sentence Investigation Report ("PSR") (PSR ¶¶ 5-10).

2

**MEMORANDUM OF LAW**

<u>**Defendant Not Entitled to Appointment of Counsel**</u>

The Defendant has sought the appointment of counsel for which he is not entitled. Although the Court has the discretion to appoint counsel for the defendant in connection with his Section 3582(c) motion, the Court need not so exercise its discretion in this case, given the limited scope of proceedings under Section 3582(c), and as reflected in more detail below, the fact that the issues presented in this case are straightforward.   The only question before the Court is whether to exercise its authority to reduce the defendant's sentence to a point within the lower guideline range.   Neither a hearing nor the assistance of counsel is required for that purpose.

A defendant has no Sixth Amendment right to counsel in connection with a Section 3582(c) motion.   The courts of appeals to address the issue have uniformly held that a defendant does not have a Sixth Amendment right to counsel in connection with a Section 3582(c) motion filed after a defendant's direct appeal has concluded.   *See, e.g.*, *United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995); *United States v. Hart*, 331 F. App'x 972 (3d Cir. 2009) (not precedential); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009) (per curiam); *United States v. Brown*, 565 F.3d 1093, 1094 (8th Cir. 2009); *United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996); *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009); *United States v. Webb*, 565 F.3d 789, 793-95 (11th Cir. 2009).   *But see United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008) (court of appeals elects within its discretion and "in the interest of justice" to appoint counsel to represent a defendant appealing the district court's decision on a 3582(c)(2) motion).

3

Second, a defendant has no statutory right to counsel in connection with a Section 3582(c) motion.   The pertinent statutory provision, the Criminal Justice Act, 18 U.S.C. § 3006A(c), states in relevant part:   "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings."   The courts have uniformly rejected the argument that a Section 3582(c) motion is an "ancillary matter" referenced in Section 3006A(c).   To the contrary, the courts have consistently found that a Section 3582 proceeding is not an "ancillary matter" as set forth in Section 3006A, and have likewise held that a defendant does not have a statutory right to counsel in connection with a Section 3582(c) motion.  *See, e.g.*, *Whitebird*, 55 F.3d at 1010 (defendant has no statutory right to counsel in connection with a § 3582(c) motion because such a motion is not an "ancillary matter" under § 3006A); *United States v. Reddick*, 53 F.3d 462, 464-65 (2d Cir. 1995) (same); *cf. Burrell v. United States*, 332 A.2d 344, 347 (D.C. 1975) (defendant has no statutory right to counsel in connection with motion to reduce sentence under Rule 35(b)).

**Defendant Eligible for Sentence Reduction Pursuant to Amendment 782**

On April 20, 2014, the United States Sentencing Commission submitted to Congress an amendment to the federal sentencing guidelines that revises the guidelines applicable to drug trafficking offenses by changing how the base offense levels in the drug quantity tables are set. United States Sentencing Commission, *Guidelines Manual*, § 2D1.1. (Nov. 2014); id. app. C supp. amend. 782.   Specifically, Amendment 782 reduces by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1. *Id*. Therefore, effective November 1, 2014, the United States Sentencing Commission amended the base offense level under U.S.S.G. § 2D1.1, such that a drug offense involving between 50 and 150

4

kilograms of cocaine now carries a base offense level of 34 (minus two levels from the original level). *Id.*

The Sentencing Commission, after proposing Amendment 782, held further hearings on the equitable issues involved in the application of the amended guideline ranges and concluded, on July 18, 2014, that this guideline amendment is so significant that it must be given retroactive effect under the Congressional authorization of 18 U.S.C. § 3582(c).  Thus, U.S.S.G. § 1B1.10 also was amended by the Sentencing Commission to expressly make Amendment 782 retroactively applicable to previously-sentenced defendants such as defendant Reed.

The newly-amended U.S.S.G. § 1B1.10(a)(1) provides, in pertinent part, that where:

> a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c).

Amendment 782 is listed in U.S.S.G. § 1B1.10(d).  Applying this retroactive guideline to defendant Reed yields a reduced guideline range of 151-188 months, subject to the ten (10) minimum mandatory sentence.

Pursuant to the express provision of 18 U.S.C. § 3582(c)(2), once it has imposed sentence, this Court has the discretion to reduce a defendant's sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.*   This Court should exercise that discretion in this case.  Section 3582(c)(2) permits a modification of sentence for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The statute instructs that a sentencing court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable

policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The U.S.S.C. made the amended guideline retroactive for the purpose of granting relief in cases like the instant case where the defendant was sentenced under the pre-Amendment § 2D1.1 base offense level. U.S.S.G. § 1B1.10(d), p.s. (November 1, 2014).   As set forth in the Sentencing Commission's published "Reason for Amendment," the Sentencing Commission determined Amendment 782 should be retroactive based upon its finding the following: (1) the reduction of quantity-based offense levels would alleviate overcapacity in federal prisons; (2) that the number of cases affected is large and the magnitude of the change to the guidelines range is significant; and (3) that the administrative burdens of applying Amendment 782 retroactively, while significant, are manageable.[2] In fact, to mitigate over-taxing the corrections system, the Sentencing Commission included a special instruction which requires the effective date of the Court's order reducing the term of imprisonment to be on or after November 1, 2015.   U.S.S.G. § 1B1.10(e) (November 1, 2014).   With earned credit for good behavior, Reed's release date is October 4, 2019. As such, he is among those whom the Sentencing Commission intended to benefit by retroactively applying Amendment 782.

**The Determination of Reed's Sentence Under the Current Guidelines.**

At the original sentencing hearing, Reed was held accountable for 82.23 kilograms of cocaine.   Thus, an offense involving 50-150 kilograms of cocaine is assigned a base offense level of 34.   With all other guideline calculations intact, his revised guideline range is 151-188 months.

The United States Attorney's Office agrees that Reed is eligible for a two-level reduction and does not oppose a sentence at the low end of the amended guideline range of 151 months,

---

2 See, "Reason for Amendment" available at http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140718_RF_Amendment782.pdf (last accessed October 28, 2014).

consistent with the Court's original sentencing decision, as long as that term is not less than the

term of imprisonment that Reed will have served as of November 1, 2015.

Respectfully submitted,
WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: */s/ Robin W. Waugh*
ROBIN W. WAUGH
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0537837
99 Northeast 4th Street
Miami, FL 33132-2111
Tel.: (305) 961-9329
Fax: (305) 536-7213
robin.waugh@usdoj.gov

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served today by United States mail to the defendant who is not authorized to receive the electronically filed Notice of Electronic Filing as indicated in the Service List below:

## SERVICE LIST

Inmate Michael Reed
Reg. No. 57486-004
Federal Prison Camp
Manchester, KY 40962

8